**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
FORTE CONSTRUCTION CORP.,

                               Plaintiff,                               **ORDER**

             -against-                                **24-CV-727 (ALC) (JW)**

DISTINCTIVE GENERAL
CONTRACTING LLC d/b/a
ADVANCED POLISH SYSTEM,

                            Defendant.
---------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

    The Court is receipt of a joint letter requesting an extension of deposition deadlines and seeking this Court's intervention on the Parties' Rule 30(b)(6) topic disputes. Dkt. No. 40. Regarding the Rule 30(b)(6) topics, the joint letter is not identified as a motion to compel nor a motion for a protective order, but merely a request that the Court issue a determination with respect to each of the disputed topics. Id. For ease of disposition, the Court will treat the letter as a pre-motion letter for a protective order seeking to strike deposition topics.

    One of the attachments to the Parties' 2-page letter is a 10-page landscape layout document listing out the Parties' Rule 30(b)(6) disputes and each Party's position on such disputes. Dkt. No. 40-1. This Court's individual rules provide that "a party may submit a letter motion no longer than 3 single-spaced pages explaining the nature of the dispute and requesting a conference." While not expressly prohibited, this Court does not look fondly upon the Parties clear circumvention of

the Court's rules by submitting substantive arguments as an attachment. Nonetheless, the Court rules on each of the disputes in turn.

**A. Disputes On Rule 30(b)(6) Topics**

"Under Federal Rule of Civil Procedure 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc., 593 F. App'x 32, 36 (2d Cir. 2014) (summary order) (citing Fed.R.Civ.P. 26(b)(1)) (internal quotation marks omitted). "Relevance to the subject matter under Rule 26 is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Id. (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). However, discovery inquiries should be accompanied by objective support rather than mere speculation. See In re Bernard L. Madoff Inv. Sec. LLC, No. 13-CV-4332 (ALC), 2014 WL 1302660, at *7 (S.D.N.Y. Mar. 31, 2014) (finding discovery "is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.").

   *i.    Forte's Compensation from the Owner of the Project (Topic Number Three)*

Defendant Distinctive General Contracting LLC d/b/a Advanced Polish System ("APS") seeks to depose a Rule 30(b)(6) designee from Plaintiff Forte Construction Corp. ("Forte") regarding Forte's compensation, from the owner of the project, for completing the concrete work.  Dkt. No. 40-1.  Defendant APS argues that this

information is relevant because Plaintiff Forte may not have incurred any damages as a result of terminating the subcontract with APS.  Id.

Plaintiff Forte argues its overall compensation is irrelevant because the proper measure of its damages is "the delta between the value of the parties' subcontract and the cost to complete [Defendant APS's] scope of work."  Dkt. No. 40-1.  Plaintiff Forte also notes that the subcontract between Plaintiff Forte and Defendant APS provides that Plaintiff Forte, in the event of Defendant APS termination, is entitled to "the difference between the unpaid balance of the amount to be paid under this SUBCONTRACT and the cost of completing the Work of the Subcontractor[.]" Id. (citing Dkt. No. 40-2 at § 6(A)(3)(i)).

The Court agrees with Plaintiff Forte.  The relevant damages calculation here is the difference between the costs of completing the subcontract and the unpaid balance to Defendant APS.  Defendant APS's inquiry of whether Plaintiff Forte incurred any damages will be determined by that difference—not compensation from the owner of the overall project.  Thus, the request to strike topic number three is **GRANTED** as it is not relevant to Plaintiff Forte's damages under the relevant subcontract.

*ii.*    *Surface Solutions' Bids for the Concrete Finishing (Topic Number Eight)*

Defendant APS also seeks to depose a Plaintiff Forte designee on the subcontract bids submitted by Defendant APS and the replacement contractor Surface Solutions.  Dkt. No. 40-1.  Defendant APS argues that the cost of completion increased because, at least in part, the scope of work increased.  Id.  As a result,

Defendant APS argues that the bids submitted by it and the eventual replacement Surface Solutions are discoverable.  Id.

Plaintiff Forte argues the bids are irrelevant because the subcontracts with both subcontractors provide that the subcontracts supersede any previous representations.  Dkt. No. 40-1.  Plaintiff Forte also argues Surface Solutions' bid is sensitive data that would have been a more appropriate question for Defendant APS's deposition of the Surface Solutions designee.  Id.

While it may be true that the signed subcontracts supersede any prior representations, that does not make prior bids irrelevant to Defendant APS's inquiry into how the potential change to the scope of work affected Plaintiff Forte's damages. It is likely that the signed subcontract with Surface Solutions at the time of replacement would vastly vary from any bid submitted prior to the start of Defendant APS's work.  And of course, there is no signed subcontract with Surface Solutions prior to any work because Defendant APS received that subcontract.  Without such initial subcontract, any previous bid by Surface Solution, and its scope of work or pricing, is relevant to the comparison with the eventual replacement subcontract. Thus, the motion to strike topic number eight is **DENIED**.

*iii.    Forte and APS's Negotiations (Topic Number Ten)*

Defendant APS also seeks to depose a Plaintiff Forte designee on their "understanding" of the terms of the subcontract.  Dkt. No. 40-1.  Defendant APS argues both that the topic is relevant and that Plaintiff Forte cannot make the

determination that the subcontract is not ambiguous triggering the integration clause. Id.

Plaintiff Forte counters that Defendant APS has failed to identify any ambiguity in the subcontract's language. Dkt. No. 40-1. Arguing as a result, its designee's understanding is irrelevant. Id.

The Court agrees with Plaintiff Forte's objection. The subcontract speaks for itself, and barring an identified ambiguity, Plaintiff Forte designee's understanding of unambiguous terms is irrelevant. Defendant APS does not identify any ambiguity in the terms of its subcontract with Plaintiff Forte. Thus, the motion to strike topic number ten is **GRANTED**.

iv.    *Forte and Surface Solutions' Negotiations (Topic Number Eleven)*

Defendant APS seeks to depose a Plaintiff Forte designee on the negotiation of the subcontract between Plaintiff Forte and Surface Solutions. Dkt. 40-1. Like topic number eight, Defendant APS argues that the information sought is relevant and may reveal possible increased scope of work and price in the Surface Solutions subcontract. Id.

Plaintiff Forte argues, in relevant part, any questions regarding the timeline or date of completion are irrelevant. Dkt. No. 40-1. Plaintiff Forte proposes the questioning on this topic be limited to the following:

> (1) whether the Forte/Surface Solutions subcontract reached a different scope than the Forte/Advanced subcontract; (2) if so, whether there were associated price differences; and (3) the timing of the Forte/Surface Solutions subcontract relative to the termination of the Forte/Advanced subcontract.

Id.

For similar reasons discussed under topic number eight, the scope of work in Surface Solutions subcontract is relevant.  See supra Section A(ii) at page 3–4. However, Defendant APS articulates no reason why the timeline or date of completion of such work is relevant.  Thus, the motion to strike topic number eleven is **GRANTED in part and DENIED in part**.  The topic is limited to the proposal by Plaintiff Forte listed above and adding any permissible questions under topic number eight.

   *v.    Performance of the Concrete Finishing (Topic Number Nineteen)*

Defendant APS "wishes to question [Plaintiff] Forte regarding the work that was actually performed by Surface Solutions… including the process for how the work was performed, when portions of the work were completed, whether substantial completion of the scope of work was achieved and any issues that arose while the work was being performed by Surface Solutions."  Dkt. No. 40-1.  Defendant APS argues, in relevant part, that it has learned Surface Solutions walked off the job without completing the entire scope of work in Surface Solutions' subcontract.  Id. Thus, arguing it should be entitled to ask questions regarding the incomplete work, who finished it, and when it was finished.  Id.

Plaintiff Forte argues it "cannot genuinely be expected to learn and then educate a deponent on the details of a third-party's performance."  Dkt. No. 40-1. Consequently, Plaintiff Forte proposes the topic be limited to: "The extent of the

completion work Surface Solutions performed and Forte's payments against that completion work." Id.

This Court has already ruled the timeline of the completion of any concrete work is irrelevant. See supra Section A(iv) at page 5–6. Additionally, the Court agrees that it would be overly burdensome to have Plaintiff Forte educate a representative on all details of the methods performed during concrete work done by Surface Solutions. Therefore, the motion to strike topic number nineteen is **GRANTED in part and DENIED in part**. The topic is limited to the proposal by Plaintiff Forte listed above.

*vi.    Surface Solutions' Schedule/Timeline (Topic Number Thirty-five)*

Defendant APS "wishes to question Forte regarding the schedule for Surface Solutions' work on the Project." Dkt. No. 40-1. Defendant APS argues that it should be able to inquire about scheduling for three reasons. Id. First, Defendant APS states that Plaintiff Forte's reason for terminating Defendant APS was allegedly motivated by Defendant APS's lack of work which caused a delay in the overall project's schedule. Id. Second, Defendant APS argues its termination was not motivated by any delay because, as of the date of termination, Plaintiff Forte already signed a subcontract with Surface Solutions that failed to include start or end dates for phase two. Id. Third, the previous two reasons indicate Defendant APS was "not provided with a good faith opportunity to cure the alleged "deficiencies" with its work and its proposed schedule." Id.

Plaintiff Forte argues the schedules are irrelevant because the subcontractors knew their schedule and the overall project's schedule was subject to change for a multitude of reasons. Dkt. No. 40-1. Plaintiff Forte therefore request that this topic be limited to: "The timing of Surface Solutions' commencement of the correction/completion work." Id.

This Court finds that the schedule or date of completion agreed upon, or actually met, is irrelevant to Defendant APS's arguments. However, Defendant APS is entitled to ask relevant questions surrounding the date the Surface Solutions subcontract was executed and when Surface Solutions began working. Thus, the motion to strike topic number thirty-five is **GRANTED in part and DENIED in part** as described above.

vii.     *Surface Solutions Out-of-scope Work (Topic Number Thirty-nine)*

Lastly, Defendant APS seeks to depose a Plaintiff Forte designee on out-of-scope-work performed by Surface Solutions. Dkt. No. 40-1. Defendant APS argues that this topic is relevant because "the additional out-of-scope work would have been performed by [Defendant APS] if [Plaintiff] Forte had not improperly terminated the Subcontract." Id.

Plaintiff Forte argues that this topic is a "fishing expedition" because Defendant APS was not entitled to change order work and was terminated for failure to mobilize to the overall project. Dkt. No. 40-1.

Given this matter is one surrounding Defendant APS's termination for in-scope work and damages related to the costs of completion of that work, this Court sees no

reason why out-of-scope work is relevant.  Moreover, Defendant APS fails to provide this Court with an adequate argument as to why the out-of-scope work by Surface Solutions is relevant.  Thus, the motion to strike topic thirty-nine is **GRANTED**.  Considering this Court strikes topic thirty-nine, it also expects that out-of-scope work will not be included in Plaintiff Forte's damages, if there are any.

### B. The Parties' Extension Request

The Parties joint letter also requests that the deadline for depositions be extended from March 21, 2025 to April 25, 2025.  Dkt. No. 40.  That request is **GRANTED**.  Given the short delay in resolving the Parties disputes, the deadline is extended until **May 7, 2025**.

The Parties had been advised and "recognize[d] that the Court indicated that no further extensions would be granted absent extraordinary circumstances."  Dkt. No. 40.  Contrary to their supposed recognition, the Parties provided no extraordinary circumstances in raising these disputes and requesting this extension.  Thus, the Parties are forewarned that no further extensions, regardless of circumstance, will be granted.

**The Clerk of Court is respectfully requested to close Dkt. No. 40.**

SO ORDERED.

DATED:    New York, New York
          April 9, 2025

                                    *Jennifer E. Willis*
                                    JENNIFER E. WILLIS
                                    United States Magistrate Judge

9